IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY BOWERS,  :

    Plaintiff,

  v.  :  Case No. 3:14-cv-268

J&D AGENCY, INC. d.b.a. HIDY  :  JUDGE WALTER H. RICE
ACURA ,

    Defendant.  :

---

ENTRY GRANTING PLAINTIFF TEN CALENDAR DAYS TO FILE SUR-REPLY IN CONNECTION WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #26)

---

Plaintiff Timothy Bowers filed suit against his former employer, J & D Agency, Inc., d.b.a. Hidy Acura, alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and Ohio Revised Code Chapter 4112. Defendant moved for summary judgment, arguing that it had a legitimate, non-discriminatory reason for terminating Plaintiff's employment, and that Plaintiff had presented no evidence that the proffered reason was pretextual. Doc. #26.

In response, Plaintiff argued that, following his knee surgery for a torn meniscus and tendonitis, Defendant regarded him as disabled and that, based on the evidence presented, a reasonable jury could find that Defendant's proffered reason for terminating him was pretextual. Doc. #29.

In its reply brief, Doc. #31, Defendant argued, for the very first time, that Plaintiff cannot establish a prima facie case of disability discrimination under federal or state law, because he cannot prove that he was "disabled" as that term is defined by statute. Under the ADA, the term "disability" means:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).

Paragraph 3 of § 12102 provides that an individual is "regarded as having such an impairment" if he establishes that he has been subjected to discrimination because of an actual or perceived impairment, whether or not that impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A). However, "Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B).

Defendant maintains that, in this case, Plaintiff's alleged physical impairment lasted no more than two months—from the surgery date of March 27, 2014, until May 27, 2014, when Plaintiff was scheduled to return to work full-time. This issue is potentially dispositive of all of Plaintiff's claims. Unless he can show that

he is "disabled" as that term is defined by statute, he has no viable claim for disability discrimination under federal or state law.[1]

Nevertheless, because this threshold issue was raised for the first time in Defendant's reply brief, Plaintiff has not had the opportunity to respond to it. Accordingly, Plaintiff shall have ten calendar days from the date of this Entry to file a sur-reply, limited to this issue.[2]

Date: March 21, 2016

　　　　　　　　　／s／ Walter H. Rice　　　　　　　
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] Claims brought under Ohio Revised Code Chapter 4112 are interpreted in accordance with the ADA. *Columbus Civ. Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 573, 697 N.E.2d 204, 206-07 (Ohio 1998).

[2] The Court notes that Plaintiff's Complaint alleges that he "was disabled, or regarded as disabled, as defined in 42 U.S.C. § 12102." Doc. #1, PageID#9. This appears to implicate both § 12102(1)(A) and § 12102(1)(C). Plaintiff's response brief, however, alleges only that he was "regarded as disabled" under § 12102(1)(C).
To the extent that Plaintiff may still also be relying on § 12102(1)(A), the Court notes that, although an impairment lasting less than six months would not necessarily preclude a finding of disability, the duration of the impairment must be considered in determining whether it substantially limits a major life activity. "Impairments that last only for a short period of time are typically not covered, although they may be covered if sufficiently severe." 29 C.F.R. Pt. 1630 App. § 1630.2(j)(1)(ix) (quoting Joint Hoyer-Sensenbrenner Statement at 5).

3